UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEANINE A.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:22cv244 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since July 27, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: morbid obesity;

2

        leukocytoclastic vasculitis; coronary artery disease, status post ascending aortic aneurysm repair; syncope; and lumbar degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can have no exposure to unprotected heights or dangerous moving machinery.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 23, 1974 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 27, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12-20).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on February 6, 2023. On April 14, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on June

3

1, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ failed to properly discuss how the medical evidence supported her conclusions. Plaintiff contends that the ALJ lumped several of Plaintiff's conditions together, rather than discussing them separately, and then concluded that Plaintiff could perform sedentary work without sufficient analysis and explanation. The ALJ found that Plaintiff s "morbid obesity, vasculitis, cardiac condition, and lumbar spine disease, in combination, support a reduced range of sedentary work". (Tr. 18). The ALJ did not explain, pursuant to SSR 96-8p, why Plaintiff's impairments would limit her in this way. There is no indication that the ALJ considered the medical evidence that Plaintiff's vasculitis was

"inadequately controlled" or that she experienced swelling. (Tr. 273, 277). In reviewing Plaintiff's thoracic aortic aneurysm, the ALJ referenced physical, musculoskeletal, and neurological examinations that were grossly normal. (Tr. 18). However, the ALJ failed to evaluate evidence that indicated Plaintiff experienced chest pain along her incision or that Plaintiff elected to undergo surgery to correct this impairment. (Tr. 17, 72, 629). The ALJ did not provide an explanation for why certain medical evidence was outweighed by other medical evidence in making a finding as to Plaintiff's physical capabilities, nor did she engage with the available medical records and testimony regarding Plaintiff's impairments. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 621 (7th Cir. 2010).

The ALJ found the State agency medical consultants' opinions unpersuasive because the opinions were not generally consistent with or supported by evidence that is supportive of a restricted range of sedentary level of exertion (Tr. 18). However, Plaintiff's testimony regarding the need to elevate her legs and rest during the day was consistent with her impairments and any resulting limitations, specifically her long lasting vasculitis. This Court agrees with Plaintiff that the ALJ was required to engage with this testimony, as such evidence was inconsistent with the ability to perform a desk job. *Bjornson v. Astrue*, 671 F.3d 640, 644 (7th Cir. 2012). Importantly, SSR 96-8p states that the RFC finding must set forth a logical explanation of the claimant's symptoms on her work-related limitations. By failing to evaluate evidence and testimony regarding certain restrictions, the ALJ did not establish a logical explanation for her RFC finding.

While it was appropriate for the ALJ to consider Plaintiff's combination of impairments in reaching the RFC determination, the ALJ provided no analysis of Plaintiff's combination of impairments to explain how she was capable of sitting for six hours out of an eight-hour workday; standing/walking for two hours a day; occasionally climbing ramps and stairs; and occasionally

5

balancing, stooping, kneeling, crouching, and crawling. (Tr. 14). Specifically, the only explanation the ALJ provided for the RFC was that Plaintiff's "morbid obesity, vasculitis, cardiac condition, and lumbar spine disease, in combination, support a reduced range of sedentary work". (Tr. 18). Since the ALJ did not provide any explanation for the RFC limitations, it is unclear how the ALJ weighed the evidence.

SSR 96-8p requires that the RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. In assessing the RFC, the ALJ must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, which is defined as eight hours a day, five days a week (or some equivalent), and must explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. SSR 96-8p.

An ALJ must consider all relevant evidence in considering an RFC, including a claimant's testimony. The ALJ failed to do so here. For example, Plaintiff testified to needing to nap two to three times a day, testimony the ALJ did not evaluate in her RFC assessment. The ALJ did not explain why she disbelieved Plaintiff's testimony regarding the need to lie down, and there is no evidence showing that Plaintiff did not need to lie down due to fatigue. While the ALJ noted that there was evidence contradicting allegations of chest pain, palpitations, shortness of breath, and dizziness, the ALJ did not specifically discredit fatigue. (Tr. 18). The ALJ was required to consider Plaintiff's own statements about her symptoms. *Plessinger v. Berryhill*, 900 F.3d 909, 916 (7th Cir. 2018).

Plaintiff also testified to not being able to climb stairs and being sequestered to the first floor of her two-story townhome; however, the ALJ found she could climb stairs occasionally in the RFC despite her doctor labeling her as a fall risk. (Tr. 14, 50, 755). Pursuant to SSR 96-8p, an

6

ALJ must explain why reported symptom-related functional limitations can or cannot be accepted as reasonably consistent with the evidence. The ALJ did not do so here, but rather made an RFC determination that was inconsistent with Plaintiff's testimony that her bedroom is on the first floor of her townhome and she never goes upstairs and medical records that indicated she had difficulty with stairs. (Tr. 50, 285).

The ALJ made mention of Plaintiff's obesity in her decision, but the obesity analysis was non-existent. Specifically, the ALJ simply stated that Plaintiff's obesity did not rise to the level of meeting or medically equaling any Listing and that it would limit Plaintiff to sedentary work but failed to expand on this finding. (Tr. 13, 14, 18). The Seventh Circuit has long recognized that obesity can aggravate other conditions, and SSR 19-2p describes increased stress on weight bearing joints as a result of obesity. SSR 19-2p. Plaintiff was morbidly obese with a BMI of 48.82 (Tr. 15). In addition to a high BMI, Plaintiff had lumbar degenerative disc disease, a heart condition, and leg swelling due to her vasculitis, and as such, her obesity impairment required a more thorough analysis. SSR 19-2p; *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). If the ALJ thought Plaintiff's obesity had not resulted in limitations beyond sedentary work, she was required to explain how she reached that conclusion. *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012).

In addition to obesity, Plaintiff alleged problems sitting due to back spasms, some days only being able to sit for two hours and other days not being able to sit that long; needing to elevate her legs; and pain radiating down through her lower extremities. (Tr. 44, 45, 190, 284). Further, one of Plaintiff's treating physicians noted her symptoms are made worse by movement. (Tr. 285). While the ALJ addressed Plaintiff's testimony regarding sitting for two hours, the ALJ failed to address Plaintiff's testimony that at times she could not sit for even two hours. Per

SSR 96-9p, to perform sedentary work the individual must be able to sit for six out of eight hours. At two or less hours, Plaintiff's limitation would put her below that threshold and disqualify the jobs found at Step 5. Due to these errors, remand is warranted.

Next, Plaintiff argues that the ALJ improperly evaluated her symptoms. The ALJ stated Plaintiff's allegations were inconsistent with the evidence, citing that despite the fact that she had vasculitis, the more recent exams showed no rashes with a normal gait and station. (Tr. 18). However, Plaintiff did not allege an abnormal gait or station, she alleged that she had fatigue, pain, shortness of breath, and had to elevate her legs due to vasculitis and her other conditions. (Tr. 42, 44, 45, 51). As some of the ALJ's findings were unrelated to Plaintiff's actual allegation of the limitation from the condition, the symptom evaluation was not supported by an accurate and logical bridge from evidence to conclusion, and a decision that is not supported by an accurate and logical bridge is not supported by substantial evidence. *Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016); *Spicher v. Berryhill*, 898 F.3d 754, 758 (7th Cir. 2018); *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). In determining that a normal gait was somehow indicative of Plaintiff not having vasculitis or not having vasculitis to a medically appropriate degree, the ALJ was inappropriately "playing doctor." *Engstrand v. Colvin*, 788 F.3d 655, 660-61 (7th Cir. 2015); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir.2014); *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (noting that ALJs must "rely on expert opinions instead of determining the significance of particular medical findings themselves").

The ALJ also noted that Plaintiff had normal heart findings and a normal ejection fraction; however, the ALJ failed to explain the significance of these findings. (Tr. 18). She simply summarized the record without further analysis. (Tr. 18). It is unclear from the ALJ's decision why this evidence was inconsistent with Plaintiff's complaints of fatigue, shortness of breath, pain, and

8

the need to elevate her legs. Further, per SSR 16-3p, the symptom evaluation has to be clearly articulated so the individual can understand and assess the reasons why the ALJ discredited the claimant's allegations, as well as the reasonableness of the ALJ's decision. While the ALJ seemingly focused on the normal findings in Plaintiff's medical record, she failed to address that Plaintiff stated on multiple occasions that she experienced pain anywhere from seven to ten on a ten-point scale (Tr. 48, 268, 773, 1022), was in the ER at one point due to two hours of palpitations and an elevated heart rate (Tr. 305), her "significantly ectatic" thoracic aorta (Tr. 317, 457), her heart aneurysm (Tr. 309, 319, 433, 533, 578), her heart surgery and continual pain post-surgery (Tr 17, 72, 190, 381, 425), was considering injections to treat pain (Tr. 1015), and was considering bariatric surgery (Tr. 1234). Here, both Plaintiff and her doctors agreed that her pain/symptoms were sufficiently severe to warrant the use of serious treatment, including heart surgery and medications to treat her vasculitis and low heart rate, possible injections for pain and possible bariatric surgery (Tr. 17, 72, 190, 381, 425, 1015, 1234). The ALJ did not explain why the receipt of serious treatment was not entirely consistent with allegations of disabling pain/symptoms, which is a legal error under SSR 16-3p.

The ALJ highlighted Plaintiff's denials of symptoms such as chest pain, palpitations, shortness of breath, and dizziness when she saw her physicians. (Tr. 1038, 1098). In her decision, the ALJ cited two examples of this for support. The first example was a November 24, 2020 Franciscan Physician Network Family Medicine Virtual Visit; however, the page cited is absent any information relating to complaint or denial of symptoms. (Tr. 1038). The second example was a February 24, 2021 Franciscan Physician Network Family Medicine Office Visit. (Tr. 1098). This document stated Plaintiff denied dizziness, chest pain, and shortness of breath; it stated nothing about palpitations. (Tr. 1098). In citing to one source to support her finding, the ALJ

9

overlooked multiple instances in which Plaintiff did complain of these symptoms. (Tr. 305, 312, 345, 384, , 426-27, 433, 438, 453, 486-87, 543, 573, 627, 709, 720, 765, 795, 799). The ALJ must evaluate the record fairly, which she failed to do here. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Further, the ALJ must confront and engage with evidence favorable to the claimant and explain why she rejected such evidence; she cannot overlook this relevant evidence. *Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018); *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014).

The ALJ also mentioned that physical examinations have been grossly normal. Again, the ALJ did not explain the significance of this to the consistency of Plaintiff's allegations, as required by SSR 16-3p. While the ALJ was able to point to grossly normal examinations, there were a plethora of examinations in the record that were abnormal to varying degrees. For example, Plaintiff presented with vasculitis on her legs that resulted in red, painful, swelling, and draining ulcers (Tr. 268, 272); thoracic ascending aortic aneurysm (Tr. 311, 452, 533, 801); artery stenosis (Tr. 597-598); mild exaggerated lumbar lordosis (Tr. 602); lumbar disc protrusion and disc space height loss (Tr. 602); hyperinflated lungs (Tr. 825); arthralgia in multiple joints (Tr. 285); chest pain (Tr. 574); shortness of breath (Tr. 444); frequent PVCs and palpitations (Tr. 444, 720, 795); syncope (Tr. 543); was labeled as a Class 3 patient (systemic disease that limits activity but is not incapacitating) (Tr. 382, 437); and had abnormal ECGs (Tr. 49). The ALJ must weigh the evidence and explain why some findings are more important than others. *Moore*, 743 F.3d at 1123; *O'Connor-Spinner*, 627 F.3d at 621.The ALJ cannot mention only some of the evidence in weighing an individual's symptoms. *Gerstner*, 879 F.3d at 263; *Moore*, 743 F.3d at 1120-21.

As the decision is not supported by substantial evidence, remand is required.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: June 22, 2023.

s/ William C.  Lee
William C. Lee, Judge
United States District Court